## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA, HUNTINGTON DIVISION

| | | |
|---|---|---|
| **LORA MEYERS, SHERRY CLERE, PATRICIA GLASS, NOTA JEAN BARNES, DEBRA DAVIS, CECILIA KOSTER, JOHNNA PARKER, STEVEN CHRISTY and PEGGY SPURLOCK,** on behalf of themselves and all others similarly situated, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Plaintiffs,** | §<br>§ | |
| **vs.** | §<br>§<br>§ | **CASE NO.:** 3:09-1242<br><br>**Plaintiffs demand a trial by jury.** |
| **GC SERVICES, L.P.,** | §<br>§<br>§ | |
| **Defendant.** | §<br>§<br>§ | |

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant GC Services, L. P. ("GC Services"), seek to recover for GC Services's violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

### Introduction

1.      This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former production employees of GC Services at its Huntington, West Virginia, facility for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages,

liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      GC Services operates a call center for a number of companies including American Express.  The complained of unlawful compensation system at issue in this Complaint has affected GC Services's present and former hourly production employees at this location.

3.      GC Services uniformly denies hourly wages and overtime premium pay to its employees by requiring them to perform "off the clock" work and by punishing employees who submit claims for overtime pay. GC Services's failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

4.      GC Services has adopted a company wide policy of requiring its employees who work in call centers to work "off the clock."

5.      The U.S. Department of Labor ("DOL") has actively enforced the Fair Labor Standards Act against call centers who do not pay their employees for the time they spend powering up their computers and similar activities.

6.      Plaintiffs are all victims to the same illegal policy and practice of failing to pay workers for all time worked, including, but not limited to, time spent working during "meal breaks."

7.      Plaintiffs are not exempt from the FLSA's wage and hour requirements.

8.      In *IBP v. Alvarez*, 546 U.S. 21, 126 S. Ct. 514 (2005), the United States Supreme Court held that preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA.

9.      Plaintiffs and others similarly situated engage in numerous preparatory activities and other work related activities--before clocking in for their shift, during meal breaks, and after clocking out--that are integral and indispensable for them to perform their customer service duties. GC Services's policy and/or practice is not to pay to its call center workers for this time, and consequently, GC Services's call center workers consistently work off the clock. Under the FLSA, as interpreted by the U.S. Supreme Court in *Alvarez,* Plaintiffs and all similarly situated employees are entitled compensation for the time they spend working pre-shift, post-shift, and meal breaks.

## Jurisdiction and Venue

10.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

11.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because GC Services does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## Parties

12.     Defendant GC Services is a Texas Limited Partnership with its principal place of business in Texas.

13.     Plaintiffs are current GC Services employees who currently work or have worked at the GC Services Huntington facility within the last two years, dating back to October 31, 2007, and can be generally categorized as call center employees.

14.     Plaintiff Lora Meyers is a call center employee at the defendant's call center location.

15.      Plaintiff Sherry Clere is a call center employee at the defendant's call center location.

16.     Plaintiff Patricia Glass is a call center employee at the defendant's call center location.

17.     Plaintiff Nota Jean Barnes is a call center employee at the defendant's call center location.

18.      Plaintiff Debra Davis is a call center employee at the defendant's call center location.

19.     Plaintiff Cecilia Koster is a call center employee at the defendant's call center location.

20.      Plaintiff Johnna Parker is a call center employee at the defendant's call center location.

21.     Plaintiff Steven Christy is a call center employee at the defendant's call center location.

22.      Plaintiff Peggy Spurlock is a former call center employee at the defendant's call center location.

23.      Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See Exhibit A.

24.      The term "plaintiffs" as used in this Complaint include the named Plaintiffs and any future opt-in Plaintiffs.

**General Allegations**

25.      Plaintiffs primarily deal with delinquent accounts. Plaintiffs are paid a base rate of pay plus incentive pay if they meet certain requirements. One such requirement is that they are on the phone with customers 90% of the time.

26.      To meet the requirements for incentive pay, Plaintiffs are required to arrive at their work stations before their scheduled start times in order to perform a number of critical tasks. Those tasks include turning on and booting up their computers, starting up various programs, and logging onto various systems. Such tasks must be completed by GC Services's call center workers before their scheduled start times, so that they are ready to receive and process incoming customer service calls at their scheduled start times.

27.      To assist customers, Plaintiffs must use computer software.

28.      If a call center's terminal is idle for more than approximately 25 minutes, the software automatically disconnects the employee from the system. The employee must then log into the software again before he or she can answer customer calls.

29.      To meet their 90% quota, Plaintiffs must log in before clocking-in at the start of their shift and must return from their meal break early to prevent their terminal from disconnecting them from the system.

30.     Defendant has/had a policy of punishing any employee that works/worked overtime. Employees who submit/submitted claims for overtime are/were written up and this is/was made a part of the employee's personnel file.

31.     Many times, call center employees have calls that continue past the end of their shift. To avoid disciplinary sanctions, call center employees work off-the-clock to assist customers that call in just before the end of their shift.

**Collective Action Allegations**

32.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former employees of the Huntington facility.  The potential class of "opt-in" employees can be defined by the two following categories.

(1) All current and former hourly employees of the defendant who were not compensated for time they spent logging in to the defendant's software system.

(2) All current and former hourly employees of the defendant who were not compensated for time spent off-the-clock dealing with customers.

33.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

34.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

35.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

36.     On information and belief, the Huntington facility employs approximately 250 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

37.     Potential collective action members may be informed of the pendency of this class action through direct mail.

38.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a)   Whether Plaintiffs are compensated for time spent logging into the defendant's software system;

   b)   Whether the defendant's policy of disciplining workers who submitted overtime hours violates the FLSA;

   c)   Whether Plaintiffs are entitled to compensation for time they spent assisting customers off-the-clock in order to avoid disciplinary action by the defendant for submitting claims for overtime pay;

   d)   Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

   e)   Whether Defendant's compensation policy and practice is illegal;

   f)   Whether Defendant fails to record accurately all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated

employees of regular hourly wages and overtime pay, in violation of the FLSA.

39.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the federal law claims.

40.     The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

41.     A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

42.     The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent.  The interests of the members of the class of employees will be fairly and adequately protected by the

Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

43.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

### (Brought Against Defendant by
### All Individually Named Plaintiffs and
### on Behalf of All Others Similarly Situated)

44.     Plaintiffs reassert and incorporate by reference paragraphs 1 through 43 as set forth above as if fully restated herein.

45.     At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

46.     The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

47.     GC Services violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

48.     GC Services failed to pay for breaks that are otherwise compensable or alternatively for time during which the employees were actually performing work while on breaks.

49.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

50.     GC Services was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

51.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions applies to the Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

52.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the two years preceding the filing of this Complaint.

53.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a)   At the earliest possible time, issue an Order allowing Notice or issue such Court-supervised Notice to all similarly situated current and former GC Services hourly employees (working at the Huntington location in the last two years) of this action and their rights to participate in this action.  Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b)   Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant GC Services's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c)   Issue an Order directing and requiring Defendant GC Services to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

11

d) Issue an Order directing and requiring Defendant GC Services to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant GC Services to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees and costs expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this _____ day of _____, 2009.

*s/ G. Patrick Jacobs*_____
**G. PATRICK JACOBS Bar Number: 1867**
Attorney for the Plaintiff
Law Office of G. Patrick Jacobs, LC
7020 MacCorkle Ave., SE
Charleston, WV 25304
Telephone: (304) 926-6676
Fax: (304) 926-8336
E-mail: pjacobs@bjblaw.com

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury under West

Virginia and federal law.

Dated: _____

s/ G. Patrick Jacobs _____
**G. PATRICK JACOBS Bar Number: 1867**
Attorney for the Plaintiff
Law Office of G. Patrick Jacobs, LC
7020 MacCorkle Ave., SE
Charleston, WV 25304
Telephone: (304) 926-6676
Fax: (304) 926-8336
E-mail: pjacobs@bjblaw.com